**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X   **Case No.**
KEISHA PAUL,

                           Plaintiff,                 **COMPLAINT**

                - against -

                                            **PLAINTIFF DEMANDS**
ALLIEDBARTON SECURITY SERVICES, LLC,      **A TRIAL BY JURY**

                         Defendant.
-----------------------------------------------------------------------X

       Plaintiff, KEISHA PAUL, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendant, upon information and belief, as follows:

### NATURE OF THE CASE

1.      Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII") and the <u>New York State Human Rights Law</u>, New York State Executive Law § 296, *et seq.* ("NYSHRL"), and seeks damages to redress the injuries she has suffered as a result of being **Sexually Harassed, Discriminated against on the basis of her Gender,** and **Retaliated Against** by her employer.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3.      The Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district where a substantial part of the events or omissions giving rise to the claims occurred.

### PROCEDURAL PREQUISITES

5.     Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6.     Plaintiff received a Notice of Right to Sue from the EEOC, dated August 28, 2015, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7.     This action is being commenced within ninety (90) days of receipt of said Notice.

### PARTIES

8.     At all times relevant, Plaintiff KEISHA PAUL ("Plaintiff") was and is a resident of the State of New York and County of Bronx.

9.     At all times relevant, Defendant ALLIEDBARTON SECURITY SERVICES, LLC ("ALLIEDBARTON") was and is a foreign business corporation, duly existing under, and by virtue of, the laws of the State of Delaware.

10.    At all times relevant, Defendant ALLIEDBARTON was and is a foreign business corporation that lawfully conducts business in the State of New York.

### MATERIAL FACTS

11.    In or around March 2012, Plaintiff became employed by Defendant ALLIEDBARTON as a "security guard," earning approximately $11.00 per hour. In or around May 2012, she was promoted to the position of "security supervisor," earning approximately $20.00 per hour.

12.    Upon Plaintiff's promotion in May 2012, she was transferred to work at the Cross County Shopping Center in Yonkers, New York. Defendant ALLIEDBARTON employed

security supervisors for the Cross County Shopping Center and these workers supervised other security guards employed by a separate security company—to wit—Macerich Cross County Security LLC ("Macerich").

13. Shortly after Plaintiff was transferred, Plaintiff began experiencing discrimination on the basis of her sex (female). Also, she began being consistently subjected to remarks and actions by co-workers which were particularly insulting as they cast Plaintiff, as a female, in a demeaning role as an object of sex-based ridicule and subject for sexual exploitation.

14. Moreover, this unlawful hostile work environment that Plaintiff was subjected to was created, condoned, and/or acquiesced to by Defendant ALLIEDBARTON.

15. Specifically, in or around July 2012, Plaintiff was in the employee locker room and overheard a co-worker named Daniel Vargas ("Vargas") speaking to another co-worker (last name Drinkard) and during that conversation Vargas stated loudly and offensively, "These girls have no idea what they're doing here ... Women do not belong in law enforcement ... [Plaintiff] says she wants to be a cop?! Yea, let's see that happen (*in a sarcastic tone*) ... I can't believe that she is even in the military; they gave her a gun?!"

16. Offended by Vargas' conduct, Plaintiff complained about these sexist remarks to a manager at Defendant ALLIEDBARTON named Dennis Genco ("Genco").

17. Furthermore, in or around the January or February 2013, Plaintiff came into work one Wednesday morning for her shift as "lead supervisor." However, Vargas took it upon himself to undermine Plaintiff curtly in front of their co-workers and the Macerich security guards, and unilaterally took over the position of "lead supervisor." Vargas had not done this to other male "lead supervisors," and only did this to Plaintiff because she was a woman.

18. Shortly thereafter, Plaintiff met with a manager employed by Defendant ALLIEDBARTON named Mr. Reynoso ("Reynoso") and complained about Vargas' behavior and stated that his actions were due to her gender. At this meeting, rather than address Vargas' actions, Reynoso asked Plaintiff if she was romantically involved with a co-worker. Shocked by this unfounded accusation, Plaintiff vehemently and truthfully replied, "No."

19. In or around May 2013, a male security guard employed by Macerich sexually harassed Plaintiff. Specifically, he unwelcomely and offensively touched Plaintiff's neck and hips, and then commented about her tattoos, asking if her tattoo pattern was demonstrative of the number of people with whom she had had sexual intercourse.

20. Immediately after this event, Plaintiff again complained to the human resources department of Defendant ALLIEDBARTON and explained the sexual harassment she had faced.

21. Further, throughout Plaintiff's period of employment with Defendant ALLIEDBARTON, Vargas knowingly and repeatedly saved objectionable images on the computer shared for use by employees of Defendant ALLIEDBARTON. Notably, these included photographs of scantily-clad women in bikinis, and many of them posing in a manner offensive to Plaintiff as a woman as it cast women as objects of sexual exploitation. Plaintiff had continuously objected to these images being saved on the computer and had complained to Defendant ALLIEDBARTON management about them, yet nothing was ever done.

22. On or about April 23, 2014, while Plaintiff was using the computer shared by employees of Defendant ALLIEDBARTON and looking for a file used by the supervisors, she saw an offensive and vulgar image that had been saved by Vargas. Specifically, this image

4

was of a naked cartoon female with her legs spread and with only a cartoon flame figure covering the female cartoon's vagina.

23. On or about April 25, 2014, Plaintiff again complained to Defendant ALLIEDBARTON regarding the sexual harassment she had been facing, as well as explaining the cartoon flame figure and Vargas' involvement in its existence on the shared computer.

24. On or about May 2, 2014, Plaintiff was asked about visiting websites on the shared computer. Plaintiff admitted that she had visited her college website to check on grades and that all supervisors routinely utilized the shared computer to access the internet. Upon being asked, Plaintiff had denied that she had visited the website NBA.com.

25. Thereafter, on or about May 14, 2014, Plaintiff received a "Termination" letter for accessing "personal" sites such as "Facebook, Sunguard, and NBA.com," as well as her college's website on Defendant ALLIEDBARTON's shared computer. These statements as to Plaintiff accessing other sites besides her college's website were completely false and fabricated in an effort to fire Plaintiff. Furthermore, the shared computer was routinely used by supervisors of Defendant ALLIEDBARTON and Defendant ALLIEDBARTON had been aware of this. Moreover, no other employees were reprimanded to this extent for using the shared computer for non-work purposes and Plaintiff was singled out.

26. Also, a co-worker of Plaintiff had admitted to visiting the website NBA.com, yet Plaintiff's purported visitation of that website (which she had denied) oddly contributed to her employment termination.

27. The following day, on May 15, 2014, Plaintiff learned from a co-worker that he (the co-corker) had been encouraged by one of Plaintiff's supervisors at Defendant

5

ALLIEDBARTON to falsely state that Plaintiff had been accessing other websites besides her college's website, to which he declined because it was not true.

28. Accordingly, Plaintiff was retaliated against by Defendant ALLIEDBARTON for her continuous complaints of sexual harassment at the hands of Vargas, inter alia, as well as her constant objections to an environment that condoned and/or acquiesced to gender discrimination.

29. In all, during the time Plaintiff worked at Cross County Shopping Center, she complained to her supervisors/ human resources at Defendant ALLIEDBARTON about Vargas' discriminatory behavior in particular on at least four (4) instances, yet nothing was ever done and his actions continued.

30. Plaintiff felt and continues to feel offended, disturbed, and humiliated by the unlawful discrimination she has suffered.

31. Defendants created an unlawful hostile working environment, which unreasonably interfered with Plaintiff's ability to perform her job.

32. Plaintiff was retaliated against due to her objections to discriminatory and unlawful conduct.

33. Plaintiff began to suffer severe anxiety and depression as a result of Defendants' sexual harassment, discrimination, and retaliation.

34. The comments witnessed and acquiesced to by Defendants were unsolicited, unwelcome, and offensive.

35. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

36. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

37.    As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

38.    As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of the Court.

39.    Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.   As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

40.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendant.  Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

42.    Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e, *et seq.*, by discriminating against Plaintiff because of her gender (sexual harassment).

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

43.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

7

this complaint.

44.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides

that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because he has opposed any
practice made an unlawful employment practice by this subchapter, or because he has
made a charge, testified, assisted or participated in any manner in an investigation,
proceeding, or hearing under this subchapter."

45.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et*

*seq.*, by discriminating against Plaintiff with respect to the terms, conditions or privileges

of employment because of her opposition to the unlawful employment practices of

Defendant.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

46.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

47.     The New York State Executive Law § 296(1)(a) provides that, "It shall be an unlawful

discriminatory practice: For an employer ... because of an individual's age, race, creed,

color, national origin, sexual orientation, military status, sex, disability, predisposing

genetic characteristics, marital status, or domestic violence victim status, to refuse to hire

or employ or to bar or to discharge from employment such individual or to discriminate

against such individual in compensation or in terms, conditions or privileges of

employment."

48.     Defendant engaged in an unlawful discriminatory practice in violation of the New York

State Executive Law § 296(1)(a) by creating and maintaining discriminatory working

conditions, and otherwise discriminating against Plaintiff, because of her gender.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER NEW YORK STATE EXECUTIVE LAW

49.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

50.     New York State Executive Law § 296(7) provides that it shall be an unlawful

discriminatory practice: "For any person engaged in any activity to which this section

applies to retaliate or discriminate against any person because he has opposed any

practices forbidden under this article."

51.     Defendant has engaged in an unlawful discriminatory practice by retaliating, and

otherwise discriminating against Plaintiff because of Plaintiff's opposition to the

unlawful employment practices of Plaintiff's employer.

### JURY DEMAND

52.     Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendant:

A.      Declaring that Defendant engaged in unlawful employment practices prohibited by Title

VII of the Civil Rights Act of 1964 and the New York State Executive Law, § 296, *et*

*seq.*, in that Defendant sexually harassed, discriminated against Plaintiff on the basis of

her gender, and retaliated against Plaintiff for complaining of sexual harassment;

B.      Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's

unlawful discrimination and retaliation and to otherwise make her whole for any losses

suffered as a result of such unlawful employment practices;

C.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury,

distress, pain and suffering and injury to her reputation in an amount to be proven;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
       November 2, 2015

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**


By:                   
                Casey Wolnowski, Esq.
                *Attorneys for Plaintiff*
                45 Broadway, Suite 620
                New York, New York 10006
                (212) 248-7431
                cwolnowski@tpglaws.com

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Keisha Paul<br>1843 Bronxdale Avenue<br>Bronx, NY 10462 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |  |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-03363 | Rudolph White,<br>Investigator | (212) 336-3753 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_Kevin J. Berry (a)_                    8/28/2015

Kevin J. Berry,                          (Date Mailed)
District Director

Enclosures(s)

cc:        Casey Wolnowski, Esq.
           PHILLIPS AND ASSOCIATES
           45 Broadway, Suite 620
           New York, NY 10006